**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| PENNZOIL-QUAKER STATE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:08-cv-10669 |
| | § | Hon. John Corbett O"Meara |
| LUBEMART ASSOCIATES, INC., | § | |
| ROBERT HEYL, and JOANN GROSS-HEYL, | § | |
| | § | |
| Defendants. | § | |

## AMENDED CONSENT JUDGMENT

The parties have reached agreement on terms of settlement and mutually consent to the following findings of fact, conclusions of law and relief. This Court has considered these findings, conclusions and relief granted and concludes that they are appropriate and should be entered as a final judgment in this action.

Based upon all the records herein, the Court makes the following findings of fact and conclusions of law:

## PARTIES AND JURISDICTION

1.      Pennzoil-Quaker State Company is a Delaware corporation having its principal place of business at 700 Milam Street, Houston, Texas 77002.

2.      Defendant LubeMart Associates, Inc. ("LubeMart") is a Michigan corporation having a registered office at 32960 Michigan, Wayne, Michigan 48184 and doing business as "LubeMart Associates" at 28915 Telegraph Road, Flat Rock, Michigan 48134 and 32960 West Michigan Ave., Wayne, Michigan 48184.

3.      Defendants Robert Heyl and JoAnn Gross-Heyl are individuals who reside in this district and who actively participate in the operation of Defendant LubeMart Associates, Inc.

4.      This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).

## FACTUAL BACKGROUND

### A.      Pennzoil-Quaker State Company and Its Marks

5.      Pennzoil-Quaker State Company, along with its predecessors and affiliates (collectively "PQS"), has been a leading source of automotive lubricants and related products and services for many years starting at least as early as 1915.

6.      Since at least as early as 1915, PQS and its authorized dealers and distributors have used the mark PENNZOIL and the PENNZOIL logo in connection with the sale and promotion of lubricants and other petroleum-related products.  The PENNZOIL logo incorporates "PENNZOIL" in black letters over a red "Liberty Bell" design on a yellow background, sometimes presented within an oval design.  Over the years, the yellow, red and black color scheme has been repeated in PQS's trade dress, advertising and promotion for PENNZOIL products and services.

7.      In addition to its extensive common-law rights, PQS owns federal trademark registrations for its marks, including those shown in the chart below:

| MARK | REGISTRATION NO./ REGISTRATION DATE | GOODS/SERVICES |
|---|---|---|
|  |  |  |

| MARK | REGISTRATION NO./ REGISTRATION DATE | GOODS/SERVICES |
|---|---|---|
| PENNZOIL | 1,505,755/ September 27, 1988 | Oil filters, air filters and crankcase breathers for internal combustion engines for land vehicles (IC 12) |
| PENNZOIL 10 MINUTE OIL CHANGE | 1,562,593/ October 24, 1989 | Automotive lube center services (IC 37) |
| PENNZOIL | 2,175,045/ July 21, 1998 | Chemical fuel and motor oil additives for internal combustion engines; chemical additives for engine and fuel treatment; and chemical preparations for use in the manufacture of motor oil and fuel additives (IC 1)<br><br>Carburetor cleaners; automatic choke cleaner; injector nozzle cleaner; degreasers and engine cleaners for vehicles (IC 3)<br><br>Motor oil; automotive, industrial and general purpose greases and lubricants; automatic transmission fluids (IC 4)<br><br>Clothing, namely, T-shirts, sweatshirts, hats, jackets, sweaters, tank shirts, sport shirts, neckties and |

| MARK | REGISTRATION NO./ REGISTRATION DATE | GOODS/SERVICES |
|---|---|---|
| | | children's clothing, namely, sleepwear, T-shirts, jackets and sweatshirts (IC 25) Automobile service station services (IC 37) |
|  | 2,175,082/ July 21, 1998 | Chemical fuel and motor oil additives for internal combustion engines; chemical additives for engine and fuel treatment; and chemical preparations for use in the manufacture of motor oil and fuel additives (IC 1)<br><br>Carburetor cleaners; automatic choke cleaner; injector nozzle cleaner; degreasers and engine cleaners for vehicles (IC 3)<br>Motor oil; automotive, industrial and general purpose greases and lubricants; automatic transmission fluids (IC 4)<br><br>Clothing, namely, T-shirts, sweatshirts, hats, jackets, sweaters, tank shirts, sport shirts, neckties and children's clothing, namely, sleepwear, T-shirts, jackets and sweatshirts (IC 25) |

| MARK | REGISTRATION NO./ REGISTRATION DATE | GOODS/SERVICES |
|---|---|---|
| | | Automobile service station services (IC 37) |

8.      The above registrations are valid, enforceable, subsisting and incontestable pursuant to 15 U.S.C. § 1065.  Copies of the certificates of registration for the above registrations are attached as Exhibit A.  The PENNZOIL marks described above and the yellow, red and black color scheme are collectively referred to herein as the "PENNZOIL Marks."

9.      PENNZOIL-branded products are available for purchase and installation through authorized oil-change centers throughout the United States.  There are thousands of authorized PENNZOIL oil-change centers across the U.S., including a large number in Michigan.

10.      In addition to prominently displaying the PENNZOIL logo, many of PQS's authorized installers feature the colors from the logo (yellow, black and/or red) in the color scheme of their signage and/or buildings.

11.      Operators of authorized PENNZOIL oil-change centers are selected through a screening process and are required to meet PQS's quality control requirements in the handling and installation of PENNZOIL-branded products.  These provisions have been established in order to ensure that customers receive high-quality, authentic PENNZOIL-branded products.  Similar control is placed on PQS's product distributors of PENNZOIL products to ensure that the authorized products delivered to authorized installers are unadulterated and otherwise meet PQS's high quality standards.  The use of the PENNZOIL Marks by these operators is under

license from PQS. PQS and its authorized distributors loan signage bearing the PENNZOIL Marks to the operators of authorized PENNZOIL oil-change centers for the purpose of communicating to the public that they are authorized oil-change centers offering genuine PENNZOIL products.

12. Over the years, PQS has invested great effort and resources in advertising and promoting the PENNZOIL Marks throughout the United States, including the state of Michigan.

13. The PENNZOIL Marks are inherently distinctive, serving to identify and indicate the source and quality of PQS's products and services to the consuming public, and to distinguish PQS's products and services from those of other manufacturers and retailers.

14. Additionally, as a result of PQS's extensive use and promotion of the PENNZOIL Marks, the Marks have become distinctive and famous to designate PQS, and are well-known and widely recognized by consumers. PQS has developed valuable goodwill in the famous PENNZOIL Marks.

15. PQS has developed common-law rights in the PENNZOIL Marks in Michigan and throughout the United States.

**B.** **Defendants' Unauthorized Use of the PENNZOIL Marks**

16. LubeMart Associates, Inc., Robert Heyl, and JoAnn M. Gross-Heyl (collectively referred to as "Defendants"), operate oil change facilities at the addresses 28915 Telegraph Road, Flat Rock, Michigan 48134 and 32960 West Michigan Ave., Wayne, Michigan 48184 (both under the name "LubeMart Associates").

17. On August 30, 1999, Defendant Robert Heyl signed a Lube Center Sales Agreement and a Sign Agreement with PQS on behalf of Defendant LubeMart covering the 28915 Telegraph Road location and establishing LubeMart as an authorized installer of

PENNZOIL products and to receive a PENNZOIL sign on loan from PQS (the "Agreements"). Copies of the Agreements are attached as Exhibit B.

18.     The Agreements provided, inter alia:

(a)     That BUYER (Defendant LubeMart) would make minimum quarterly purchases of PENNZOIL products from PQS or a PQS distributor;

(b)     That BUYER would not mix or blend PENNZOIL products with other products or mix PENNZOIL products of different grades or viscosities;

(c)     That BUYER would allow PQS representatives to take samples of BUYER's products for testing to ensure freedom from adulteration, misbranding and/or contamination;

(d)     That BUYER would not misrepresent other products as PENNZOIL products;

(e)     That PQS or one of its authorized distributors would loan PENNZOIL signs to BUYER for use at BUYER's facility, which signs would remain the property of PQS and would be returned to PQS upon termination of the Agreements; and

(f)     Subject to BUYER's continuing compliance with the Agreements, PQS would grant BUYER a license to display PENNZOIL signs and use the PENNZOIL Marks in other specified manners for communicating to the public that BUYER was an authorized installer of PENNZOIL products.

(g)     The Agreements would terminate August 30, 2006 absent earlier termination by either party.

19.     Subsequent to execution of the Agreements, Defendants ceased purchasing PENNZOIL bulk oil products from PQS or authorized sources of PQS.

20.     Despite the termination of the Agreement in regard to bulk oil purchases Defendants continued to display exterior and interior PQS signage prominently displaying the PENNZOIL Marks.

21.     Prior to the entry of this judgment, Defendants' facilities featured yellow awnings following the roofline of the facility incorporating the PENNZOIL logo and "LubeMart Associates" in black lettering (the Wayne location awning also states "10 Minute Oil Change" and "FRICTION FIGHTERS").  Defendants' facilities also featured stand alone signs with yellow facings; the Flat Rock pole sign included the words "LubeMart Associates" and the PENNZOIL logo, both in black, while the Wayne sign included the words "LubeMart OIL CHANGE AND Maintenance CENTER" in red and black lettering.  Photographs of Defendants' exterior signage at the Flat Rock facility and Wayne facility are attached as Exhibits C and D, respectively.

22.     Defendants maintain that the above actions were unintentional but acknowledge and regret that the actions outlined above could in fact and may have in fact confused and misled the public into believing that Defendants were holding themselves out as  authorized PENNZOIL oil-change centers dispensing bulk PENNZOIL products.


**C.      Effect of the Above-referenced Activities on PQS and the Consuming Public**

23.     Use of the PENNZOIL Marks in the  manner described above is likely to cause confusion, cause mistake, and mislead customers and potential customers as to the affiliation, connection, sponsorship or association of Defendants with PQS, or as to the origin, affiliation, sponsorship, or approval of Defendants' products or services by PQS.

24.     Use of the PENNZOIL Marks in the manner described above is likely to cause dilution of the distinctive quality of the PENNZOIL Marks.

25.     Unless these trade practices and acts are enjoined, these practices and acts will continue to cause irreparable injury to PQS and to the public, for which there is no adequate remedy at law.

26.     Unauthorized use of the PENNZOIL Marks in the manner described above constitutes:

     (a)     infringement of PQS's registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

     (b)     unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

     (c)     dilution of PQS's famous marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

     (d)     false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

     (e)     unfair trade practices in violation of Michigan Consumer Protection Act, MCL §§445.901 et. seq.

     (f)     unfair competition and passing off in violation of the common law of Michigan.

     (g)     unjust enrichment of Defendants at PQS's expense.

     (h)     breach of contract in violation of the common law of Michigan.

     (i)     the tort of conversion in violation of the common law of Michigan.

27.     Any and all costs and fees, past and present, including attorney fees shall be borne by the parties themselves.  Defendants shall be liable for Plaintiff's attorney fees and costs incurred in enforcing this judgment if the Court finds Defendants in violation of this judgment.

**HAVING MADE THE PRECEDING FINDINGS OF FACT AND CONCLUSIONS OF LAW, THIS COURT ORDERS AS FOLLOWS:**

     a)     Defendants, Defendants' agents, servants, employees, attorneys, and all those

persons in active concert or participation with them, are permanently enjoined

from using the PENNZOIL Marks, any counterfeit reproduction of the PENNZOIL Marks, copy or colorable imitation of the PENNZOIL Marks, or any other mark confusingly similar thereto or likely to dilute the distinctive quality of the PENNZOIL Marks, except as specifically permitted in section (c) below in connection with the sale of genuine PENNZOIL products.

b)     Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, are permanently enjoined from simulating the trade dress of Plaintiff's authorized PENNZOIL installer facilities in any future or replacement signage (including but not limited to awnings and other building façade features); specifically Defendants shall not use yellow signage with black and/or red letters or signage combining the colors black and yellow or other confusingly similar color combinations and shall not use yellow awnings or similar building façade features.

c)     Except as expressly permitted by the terms of a written license agreement between Defendants and Pennzoil-Quaker State Company, should the parties enter into such an agreement in the future, Defendants' uses of the PENNZOIL Marks shall be limited to the following: (i) Defendants may use the non-stylized word mark PENNZOIL, but not the PENNZOIL logo and not in connection with the colors yellow or red-and-black, in communicating to customers in print materials distributed inside their facilities (excluding signage) that they sell genuine PENNZOIL products to the extent these communications are truthful and not misleading; (ii) Defendants may use print materials (excluding signage) provided by Plaintiff or its authorized distributors in connection with Defendants'

purchase and resale of genuine PENNZOIL products for communicating to customers that they sell such products, to the extent these communications are truthful and not misleading; and (iii) Defendants may stock genuine prepackaged PENNZOIL products in public view inside their facility to the extent that such products are not likely to create the impression that Defendants' bulk oil is PENNZOIL brand or otherwise mislead customers about the nature of Defendants' products or services. To the extent that Defendants use any materials having a PENNZOIL mark as provided above or stock PENNZOIL products as provided above, Defendants shall affirmatively and prominently communicate to customers in writing the name of the manufacturer of their bulk oil and shall not otherwise conduct themselves in such a way as likely to create the impression among customers that Defendants are affiliated with or authorized by Plaintiff. Further, Defendants shall not use the mark 10 MINUTE OIL CHANGE or confusingly similar variations.

d) Pursuant to Rule 65(d), Fed. R. Civ. P., this Consent Judgment is binding upon the Defendants, their officers, agents, servants, employees, and attorneys, and

upon those persons in active concert or participation with them who receive actual

notice thereof by personal service or otherwise.


**SO ORDERED.**


Date: October 14, 2008                                    s/John Corbett O'Meara
                                                          United States District Judge


The parties hereby agree to the terms of this Consent Judgment:


Approved as to form:

FOR PLAINTIFF:                                    _____sJill M. Wheaton_____

                                                  Daniel J. Stephenson (P34500)
                                                  Jill M. Wheaton (P49921)
                                                  David M. George (P68812)
                                                  DYKEMA GOSSETT PLLC
                                                  2723 South State Street, Suite 400
                                                  Ann Arbor, MI 48104
                                                  (734) 214-7660
                                                  dstephenson@dykema.com

                                                  **ATTORNEYS FOR PENNZOIL-
                                                  QUAKER STATE COMPANY**


FOR DEFENDANTS:                                   _____s/Daniel C. Willman (w/consent)_____
                                                  DANIEL C. WILLMAN (P55867)
                                                  PO BOX 118
                                                  South Lyon, MI 48178
                                                  (248) 437-0209
                                                  Cell (248) 238-0705
                                                  Fax (248) 437-0093
                                                  DanielCWillman@aol.com


                                                  ATTORNEY FOR LUBEMART
                                                  ASSOCIATES, INC., ROBERT HEYL,
                                                  AND JOANN GROSS-HEYL